IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JEROME H. KELLEY, #73929**                                                                       **PETITIONER**

**VERSUS**                                                                              **NO. 1:04CV864-R-Ro**

**WARDEN LARRY GREER; and**
**JIM HOOD, ATTORNEY GENERAL**                                                          **RESPONDENTS**

<u>**ORDER GRANTING RESPONDENTS' MOTION TO DISMISS**</u>
<u>**PURSUANT TO 28 U.S.C. § 2244(d) [DOC. NO. 6]**</u>

BEFORE THE COURT is the Motion of the Respondents to Dismiss the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2244(d) [Doc. No. 6]. And the Court, having carefully considered the Motion, the Petitioner's Traverse, and the Rebuttal/Reply of the Respondents and Petitioner, as well as the applicable case law and the record herein, is of the opinion that the motion is well taken and should be granted and the Petition filed herein dismissed with prejudice.

I. STANDARD OF REVIEW

28 U.S.C. § 2244(d) provides:

(D)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

> recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Thus, unless the narrow exceptions of § 2244(d)(1)(B-D) apply,[1] the Antiterrorism and Effective Death Penalty Act ("AEDPA") now requires that a petitioner's federal habeas corpus petition be filed within one year of the date that petitioner's judgment of conviction becomes final, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See, e.g., Cantu-Tzin v. Johnson,* 162 F.3d 295 (5th Cir. 1998), *cert denied,* 119 S.Ct. 847 (1999); *Sonnier v. Johnson,* 161 F.3d 941, 944 (5th Cir. 1998); *Flanagan v. Johnson,* 154 F.3d 196, 199 n.1 (5th Cir. 1998); *see also Hoggro v. Boone,* 150 F.3d 1223, 1226 (10th Cir. 1998) (§ 2244(d)(2) requires federal courts to toll the time spent in state court post-conviction litigation). Petitioner failed to file his habeas petition within the allotted time period.

## II. Factual and Procedural background

Jerome H. Kelly[2] was convicted of trespass and murder in the Circuit Court of Pearl

---

[1]Respondents have submitted that the exceptions of § 2244(d)(1)(B-D) are inapplicable in the instant case.

[2]The Court notes that in his habeas petition, petitioner spells his name as Kelley and the Court will refer to Petitioner as same; however, the Mississippi Department of Corrections (MDOC) records and the state court records have the petitioner listed as Jerome Kelly, #73929.

River County, Mississippi.  Kelley was sentenced to serve a term of six (6) months on the trespass conviction and a sentence of life on the murder conviction, said sentences to be served in the custody of the Mississippi Department of Corrections.  *See* Exhibit A.  On October 3, 2000, the Mississippi Court of Appeals affirmed Kelley's judgment of conviction and sentence in a published opinion. *See* Exhibit B.  *Kelly v. State,* 783 So. 2d 744 (Miss. App. 2002), *reh'g denied,* January 9, 2001, *cert. denied,* May 3, 2001 (Cause No. 98-KA-00726-COA);  the Respondents submit that said state court opinion reflects that Kelley was represented on appeal by Joseph H. Hudson and James Donald Evans III of Gulfport, Mississippi.  The records of the Mississippi Supreme Court Clerk's office and the docket of the United States Supreme Court as posted on the official court website do not reflect that Kelley filed a petition for writ of certiorari to the United States Supreme Court for writ of certiorari; therefore,  Kelley's judgment became final ninety (90) days after the final decision in state court, on August 1, 2001 (May 3, 2001, plus 90 days).  *See Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir. 1999); *see also Bell v. Maryland,* 378 U.S. 226, 232 (1964)) (time period in which petitioner could file a petition for writ of certiorari to Supreme Court must be considered in calculating date on which judgment becomes final).  Further, unless Kelley filed a "properly filed" application as contemplated by 28 U.S.C. § 2244(d)(2) on or before August 1, 2002, to toll the period of limitations, his habeas petition would be filed too late. *See Flanagan v. Johnson,* 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson,* 158 F.3d 806 (5th Cir. 1998).  The Mississippi Supreme Court records indicate that no properly filed post-conviction motions were filed by Kelley on

or before August 1, 2002.[3]

Yet, Kelley argues in his traverse to respondents' motion to dismiss that he never received notification from either his attorney or the court that his conviction and sentence had been affirmed. Kelley claims that it was not until September, 2004, when he bumped into an old friend that he became aware of this fact. Kelley states that he "did inquire" as to the status of his appeal, but until he was notified by his friend, he thought the appeal was still pending. According to Kelley, once he received notification of the state court's action, he immediately filed for post-conviction relief in state court and filed his federal habeas petition.

Kelley submits in his traverse that he should be entitled to equitable tolling based on his claim that he was not notified that his conviction had been affirmed. "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *United States v. Patterson,* 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Rashidi v. American President Lines,* 96 F.3d 124, 128 (5th Cir. 1996)).

In the instant case, the record does not support an assertion by Kelley that he was "actively misled" or "prevented in some extraordinary way from asserting his rights." To the contrary, the Respondents has submitted the affidavit of Ms. Lakisha M. Harrison, who is

---

[3] Respondents have noted for the Court that on October 21, 2004, Kelley filed an "Application for Leave to Proceed in the Trial Court" in the Mississippi Supreme Court. *See* Exhibit C. Kelley's application was denied by Order of the Mississippi Supreme Court on November 12, 2004. *See* Exhibit D (Cause No. 2004-M-2104). Kelley filed a motion for rehearing, which was denied by Order filed December 1, 2004. *See* Exhibit E (docket).
   However, this Court agrees with Respondents as set forth herein that Kelley's motion for post-conviction relief in state court was not filed until October 21, 2004, some 812 days after the August 1, 2002, deadline for filing his **federal** habeas and, therefore, did not bring the tolling provisions of § 2244(d) into play.

employed in the East Mississippi Correctional Facility mail room.  Ms Harrison has provided to the Respondents copies of the mail log from the year 2000.  *See* Exhibit A to Response [Doc. No. 11]  These copies indicate that Kelley received correspondence from the law firm of Hudson and Smith in Gulfport, Mississippi on two different dates in early 2000 (March 2000 and May 2000) prior to the time his appeal was affirmed. The mail logs attached to Ms. Harrison's affidavit further reflect that Kelley signed for correspondence from his attorneys (Hudson and Smith in Gulfport, Mississippi) on October 9, 2000. Accordingly, respondents submit that Kelley was, in fact, notified of the fact that his direct appeal was affirmed based on this letter received (and signed for by Kelley) just six (6) days after his appeal was affirmed by the state court; certainly, this Court notes he was receiving legal mail.  Ms. Harrison also indicates in her affidavit that she has been unable, at this time, to locate the mail log records from the year 2001; and as such the respondents are unable to verify whether Kelley received notification regarding the denial of his petition for rehearing or denial of his petition for writ of certiorari. Regardless, however, it appears from the mail logs from the year 2000, that Kelley was receiving legal mail.

Additionally, the Respondents submit further information from Officials with the Mississippi Department of Corrections which evidences that Kelley was transferred to the Mississippi State Penitentiary at Parchman, Mississippi on August 16, 2001 (just three (3) months after certiorari was denied) and remained at Parchman until August 23, 2002, when he was returned to East Mississippi.  Specifically, the Respondents submit the affidavit of Mr. Richard Pennington, director of the Inmate Legal Assistance Program ("ILAP") at the Mississippi State Penitentiary at Parchman, Mississippi.  *See* Exhibit B to Response [Doc. No.

11]. Mr. Pennington avers that offender Jerome Kelley requested and received assistance from the ILAP while housed at Parchman. *See* Exhibit B. More specifically, Mr. Pennington states that "this offender requested and was sent a first step post conviction information packet on September 5, 2001, and June 3, 2002" and that such packet contained "post conviction information as well as habeas corpus statute of limitations information. . . ." *See* Exhibit B. Further, Kelley requested and was sent a copy of the second step post-conviction packets twice while housed at Parchman. *See* Exhibit B. Respondents submit that Kelley's request for information on the basic post-conviction information, as well as for the second packet containing the sample forms to assist in filing for post-conviction relief in state court further supports respondents' position that Kelley was aware that his direct appeal had been affirmed, and proves further that Kelley aware of his available remedies in both state and federal court no later than September, 2001.   The record does reflects that Kelley was aware of the remedies available to him and received information relative to processing his relief requests no later than September of 2001.

In any event, even assuming *arguendo* that Kelley did not receive notification from his counsel, Kelley either knew or should have known through the exercise of diligence that his appeal (which was actually affirmed in October, 2000) had been affirmed well before September, 2004.  Kelley was less than diligent in failing to seek information from the clerk's office or his counsel concerning his appeal and would, therefore, not be entitled to the benefit of equitable tolling of the limitations period. Kelley was sentenced by Order of the circuit court filed March 5, 1998 (see Exhibit A to Respondents' motion to dismiss), and the appeal of that conviction would have proceeded at the conclusion of any post-trial motions. In fact, as noted

above, the direct appeal was affirmed in October of 2000. As previously noted, Kelley was housed at Parchman from August 16, 2001, until August 23, 2002, and, as such, would have utilized the ILAP services to mail outgoing legal mail. Mr. Pennington avers in his affidavit (attached hereto as Exhibit B) that from September 4, 2001, the date that Kelley first utilized ILAP services, until August 12, 2002 (when Kelley last utilized ILAP services prior to his transfer), Kelley "did not request to mail any outgoing legal documents through ILAP." *See* Exhibit B.[4]

"[E]quity is not intended for those who sleep on their rights." *Coleman v. Johnson,* 184 F.3d 398, 403 (5th Cir. 1999) (citing *Fisher v. Johnson,* 174 F.3d 710 (5th Cir. 1999)). In fact, in numerous instances, the Fifth Circuit has found that a lack of diligence for failing to pursue collateral challenges to conviction or to pursue federal habeas relief in a timely fashion after the state court has ruled precludes equitable tolling of the limitations period. *See Alexander v. Cockrell,* 294 F.3d 626, 629 (5th Cir. 2002); *see also Coleman v. Johnson,* 184 F.3d at 403; *Melancon v. Kaylo,* 259 F.3d 401, 408 (5th Cir. 2001); *Scott v. Johnson,* 227 F.3d at 262; *Phillips v. Donnelly,* 216 F.3d 508, 511 (5th Cir. 2000). As noted, Kelley was sentenced in March, 1998, and his direct appeal was filed after post-trial motions were concluded, yet

---

[4]Respondents also submit that they obtained a copy of the outgoing legal mail log from the legal assistance program at East Mississippi Correctional Facility where Kelley was housed from October of 2000 (the time the direct appeal was affirmed), until August of 2001, when Kelley was transferred to Parchman. The Respondents submit that the ILAP supervisor at East Mississippi and counsel for the Respondents have reviewed said mail log, which is approximately eighty (80) pages, and it does not appear from those documents that Kelley attempted to contact either the state court or his attorney through the ILAP during that time period; respondents submit that due to the volume of said document it has not been made a part of the record but may be if the court deems it necessary. This Court notes the respondents representation but does not find it necessary to add it to the record; the Court is satisfied by the record before it that no finding of equitable tolling is warranted.

Kelley apparently failed to correspond with the state court (or his attorney) or file any pleading concerning his conviction until October of 2004. Such a delay takes this case out of the "extraordinary circumstances" necessary to allow Kelley to benefit from equitable tolling. Accordingly, respondents submit that Kelley has clearly failed to meet his burden to establish proof that he is entitled to equitable tolling. *See Phillips v. Donnelly,* 216 F.3d 508, 511 (5th Cir. 2000). Kelley was not actively misled nor prevented in some extraordinary way from asserting his rights. *See Ott v. Johnson,* 192 F.3d at 513-14. Accordingly, the tolling provision of §2244(d)(2) is not applicable to the instant case, and as set forth herein further, Kelley's petition for habeas corpus was untimely filed.

### III. LEGAL ANALYSIS

Under the "mailbox rule," Kelley's *pro se* federal habeas petition is deemed filed on the date that he delivered the petition to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In the instant case, Kelley's petition was "filed" sometime between the date it was signed on November 25, 2004, and the date it was received and filed in the district court on December 3, 2004. Accordingly, Kelley's petition was filed some 847 to 855 days late after the August 1, 2002, deadline for filing his federal habeas. Because Kelley's petition was filed much too late and because Kelley cites no "rare and exceptional" circumstance to warrant equitable tolling, this Court agrees with the Respondents that the petition must be dismissed with prejudice pursuant to the one-year statute of limitation provision of the AEDPA. *See* 28 U.S.C. § 2244(d); *e.g., Cantu-Tzin,* 162 F.3d 295 (5th Cir.

1998), *cert. denied,* 119 S.Ct. 847 (1999); *Sonnier* v. *Johnson,* 161 F.3d 941, 944 (5th Cir. 1998); *Flanagan* v. *Johnson,* 154 F.3d 196, n.l (5thCir. 1998).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion of the Respondents to Dismiss the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2244(d) [Doc. No. 6], be and is hereby **GRANTED** and this action is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED AND ADJUDGED** that a Final J udgment shall be entered in this cause.

**SO ORDERED AND ADJUDGED** this the   23rd   day of March, 2006.


                                             /S/   **DAN M. RUSSELL, JR.**
                                             **UNITED STATES DISTRICT JUDGE**